UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KEVIN  MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:16-cv-00103-WTL-MJD |
| | ) | |
| QUALITY CORRECTIONAL CARE, | ) | |
| EMERSON Dr., | ) | |
| STREETER Mrs., | ) | |
| GREG  EWING, | ) | |
| VIGO COUNTY COMMISSIONER, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Motion to Proceed *in forma pauperis*,
Screening Complaint, and Directing Further Proceedings**

**I. Motion to Proceed *in forma pauperis***

The plaintiff's motion to proceed *in forma pauperis* [dkt 2] is **granted**. The assessment of

an initial partial filing fee is not feasible at this time.

**II. Screening of the Complaint**

Plaintiff Kevin Moore brings this action against defendant employees at the Vigo County

Jail. The plaintiff alleges that during his incarceration at the Jail, the defendants have been

deliberately indifferent to his serious medical needs and have violated his rights under the

Americans with Disabilities Act and the Rehabilitation Act.

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is

subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a]

complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show

that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a

motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Based on the foregoing screening, the following claims must be dismissed: The claim against Nurse Streeter must be **dismissed** because the plaintiff does not allege any wrongdoing on this defendant's part. To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Id.* at 837; *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). "To infer deliberate indifference on the basis of a physician's treatment decision, the decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). *See Plummer v. Wexford Health Sources, Inc.*, 609 Fed. Appx. 861, 2015 WL 4461297, *2 (7th Cir. 2015) (holding that defendant doctors were not deliberately indifferent because there was "no evidence suggesting that the defendants failed to exercise medical judgment or responded inappropriately to [the plaintiff's] ailments"). Here, the plaintiff alleges only that Nurse Streeter "referred these matters to the [doctor]." This allegation, standing alone, is insufficient to state a claim of deliberate indifference against Nurse Streeter.

Next, any claims alleged against "Medical Staff" must be **dismissed** because a group of people is not a "person" subject to suit under Section 1983. A defendant can only be liable for the actions or omissions in which he personally participated. *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001).

In addition, any claim against Quality Correctional Care must be **dismissed**. The reason for this is that this defendant is not vicariously liable under 42 U.S.C.§ 1983 for the alleged misdeeds of its employees, but only if the injury alleged is the result of a policy or practice. *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816 (7th Cir. 2009). No claim of that nature is alleged in the complaint.

The claim against Dr. Emerson that failed to properly treat the plaintiff's infection **shall proceed** as a claim that Dr. Emerson was deliberately indifferent to the plaintiff's serious medical needs.

### III. Improperly Joined Claims

Finally, without assessing their viability, the claims against Greg Ewing and the Vigo County Commissioner must be **dismissed** because they are not properly joined with the other claims in this action. Rule 18(a) of the *Federal Rules of Civil Procedure* provides that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits. . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Joinder of the defendants into one action is proper only "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or

arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). In short, the courts do not allow an inmate to treat a single federal complaint as a sort of general list of grievances.

Here, the claim against Ewing and the Vigo County Commissioner – that these defendants have failed to provide the plaintiff with proper accommodations for his disability – is not related to his claim that Dr. Ewing provided him with constitutionally inadequate medical care for his infection and therefore must proceed in a separate lawsuit. In such a situation, "[t]he court may . . . sever any claim against a party." FED. R. CIV. P. 21. The Court of Appeals has instructed that generally, if a district court finds that a plaintiff has misjoined parties, the Court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000).

Instead of *sua sponte* severing the remaining claims into a new civil action, the plaintiff shall have the opportunity to determine whether the misjoined claims identified above shall be severed into a new action or dismissed without prejudice. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the complaint are entirely the responsibility of the plaintiff, for "even *pro se* litigants are masters of their own complaints and may choose who to sue-or not to sue"). If a new action is opened, the plaintiff will be responsible for a filing fee for each new case and the screening requirement of 28 U.S.C. § 1915A(b) will be triggered for each new case.

The plaintiff shall have **through May 10, 2016,** in which to **notify the Court** whether he wishes the Court to sever the claim into new actions. If the plaintiff fails to so notify the Court, the misjoined claims will be considered abandoned and will be dismissed without prejudice.

## IV. Conclusion

As discussed above, the claim of deliberate indifference to the plaintiff's serious medical needs **shall proceed** against Dr. Emerson. The claims against Nurse Streeter, Quality Correctional Care, and Medical Staff are **dismissed**. The plaintiff shall have **through May 10, 2016**, in which to notify the Court whether he wishes his claims against Greg Ewing and the Vigo County Commissioner to proceed in a separate action. The plaintiff shall also have **through May 10, 2016**, in which to notify the Court if he believes he raised any claims in his complaint which are not discussed in this Entry.

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to Dr. Emerson in the manner specified by Rule 4(d). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**


Date: 4/8/16

Distribution:

Kevin Moore
28318
Vigo County Jail
201 Cherry Street
Terre Haute, IN 47807

Dr. Emerson
Vigo County Jail
201 Cherry Street
Terre Haute, IN 47807

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana